HALMAGH I. VAN WAGGONER v. JOSEPH McEWEN and others.

Where a mortgage is given to secure the purchase money of land, an allegagation of an outstanding title against the land purchased, is no objection to a decree of foreclosure, *aliter*, if the purchaser is evicted or an ejectment actually commenced against him.

BILL for the foreclosure of a mortgage, given by Joseph McEwen and wife to the complainant, to secure the payment of a bond for eleven hundred dollars. The defendant, Joseph McEwen, by his answer, admits the bond and mortgage as set out in the complainant's bill; but states that they were given to secure the payment of part of the purchase money of the mortgaged premises; consisting of a lot of land in the township of Bergen, conveyed by the complainant to the defendant, McEwen, by deed dated the twenty-eighth day of August, eighteen hundred and thirty-five. That the said lot was conveyed to the complainant by one Aaron Tuers, and that the complainant sold and conveyed to the defendant about thirty-three hundredths of an acre of land more than was conveyed to him by Tuers. That at the time of the conveyance of the lot to the complainant, it was enclosed by fences which were understood to be line fences, and to designate the lines of the lot. That before the conveyance to the defendant by the complainant, the complainant removed the fence on the north-east side of the said lot, and about twenty feet, enclosing part of an adjoining wood lot. That about fifteen feet of the rear of the lot is claimed by the heirs of Aaron Tuers, as not included or intended to be conveyed in the deed from Tuers to the complainant. That the lot was purchased by the defendant for the purpose of erecting thereon a cotton factory and dying establishment, and believing that he had a lawful title to the said lot, as described in the boundaries in the said deed of conveyance, and as the fences stood at the time of the conveyance, the defendant proceeded to erect on the

[Van Waggoner v. McEwen et al.]

premises, at an expense of four thousand dollars, a dwelling-house, cotton factory and dye-house, and to sink a well. That the land now claimed by the heirs of Aaron Tuers, and to which the defendant believes they have a valid title, will, if recovered, deprive defendant of his well and nearly one half of the factory; that in addition to the loss of the land, the defendant will be subjected to great loss by the necessity of removal, and the interruption of his business. The answer insists, that no decree of foreclosure should be made, until the complainant procure and convey to the defendant a valid title for that part of the lot claimed by the heirs of Aaron Tuers; or, that such sum should be deducted from the amount due upon said mortgage, as will be sufficient to complete the title, or to indemnify the complainant against all loss and damages incurred by the failure of title to a part of the premises.

The cause came on for final hearing upon the pleadings and proofs.

*J. D. Miller*, for complainant.

*L. D. Hardenbergh*, for defendants.

THE CHANCELLOR. The defence set up cannot avail the defendant in this action. Here is no eviction or disturbance of the defendant, or even ejectment brought, and there never may be. If a suit was pending to try the title, or the defendant had been dispossessed, there would be propriety in resisting the foreclosure of the mortgage. This distinction is recognized in the case of *Johnson* v. *Gere*, 2 *John. Chan. R.* 547, and in *Shannon* v. *Marselis and others, Saxton*, 426. Should the heirs of Tuers hereafter dispossess the defendant, he must resort to his action on the covenants in his deed. This court will not undertake to settle the question of title between the defendant and the heirs of Tuers. The heirs are not even parties here, and without first settling that question the defence set up is of

no avail whatever. The whole case made is nothing more than an allegation of an outstanding title.

There must be a reference to a master to ascertain the amount due on complainant's mortgage.

Order accordingly.